## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| FREDDIE ROBIN EDWARDS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-0528 |
| | § | |
| CHUCK ROSENBERG, *et al.*, | § | |
| | § | |
| *Defendant*s. | § | |

### ORDER ON DISMISSAL

Plaintiff Freddie Robin Edwards, a state inmate proceeding *pro se* and requesting leave to proceed *in forma pauperis*, brings this civil action against federal employees Chuck Rosenberg and Roderick Beverly pursuant to *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

Based on consideration of the pleadings, the exhibits, and the applicable law, the Court DISMISSES this lawsuit under 28 U.S.C. § 1915A and § 1915(e)(2) for the reasons that follow.

*Background and Claims*

Plaintiff is a prisoner who is requesting leave to proceed *in forma pauperis*. His complaint is subject to screening under section 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint if the Court finds it is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is

immune from such relief.  A complaint is frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is based on an indisputably meritless legal theory.  *Id.* at 327.

Plaintiff complains that Chuck Rosenberg of the United States Attorney General's Office, and Roderick Beverly, of the Federal Bureau of Investigations ("FBI"), failed and refused to investigate and prosecute plaintiff's criminal complaint against a list of state judges, district attorneys, defense counsel, and "All the Judges and Lawyers that participated in the judgment during direct appeal and all Post-Conviction Proceedings."  Plaintiff claims that the defendants named in his criminal complaint violated various federal criminal laws in regards to his 1993 Texas conviction for theft and unauthorized use of a motor vehicle.  Plaintiff requests this Court to order Rosenberg and Beverly to investigate plaintiff's criminal complaint, and to award him monetary damages.

*Analysis*

Unless defendants have deprived plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States, plaintiff has no viable *Bivens* claim.  *See Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994).  Plaintiff seeks to compel defendants to investigate and initiate federal criminal prosecutions against individuals who were involved in his state criminal prosecution and post-conviction proceedings.

Plaintiff enjoys no constitutional right to compel federal investigations and criminal prosecutions, and defendants have not violated plaintiff's constitutional rights by refusing

to investigate and act on his criminal complaint. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (holding that private citizens lack a judicially cognizable interest in the prosecution or non-prosecution of another); *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990); *id.*, 904 F.2d 278, 281 (5th Cir. 1990). Moreover, the FBI's decision to investigate a complaint is a discretionary rather than mandatory action. *See* 28 U.S.C. § 535(a).

Plaintiff's requested relief is in the nature of a mandamus proceeding. Federal district courts "have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United State or any agency thereof *to perform a duty owed to the plaintiff*." 28 U.S.C. § 1361 (emphasis added). Defendants owe plaintiff no duty to investigate and prosecute criminal action that is enforceable by plaintiff. To the extent plaintiff seeks a writ of mandamus against Rosenberg and Beverly to compel them to investigate and undertake criminal prosecution, his claim is without merit.

As plaintiff's allegations establish no federal constitutional or statutory violation, his request for monetary damages is without merit. To the extent a monetary judgment on plaintiff's claims would necessarily imply the invalidity of his state conviction, his claims are barred by *Heck v. Humphry*, 512 U.S. 477 (1994) as plaintiff fails to show that the conviction has been reversed or otherwise invalidated.

*Conclusion*

Accordingly, the Court ORDERS as follows:

(1)　This lawsuit is DISMISSED WITH PREJUDICE as frivolous and for failure to state a claim. 28 U.S.C. §§ 1915A, 1915(e)(2).

(2)　Plaintiff's application to proceed *in forma pauperis* (Docket Entry No. 2) is GRANTED. Officials of the Texas Department of Criminal Justice are ORDERED to deduct funds from plaintiff's inmate trust account and forward them to the Clerk of this Court on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b), until the full filing fee of $350.00 has been paid.

(3)　Any and all pending motions are DENIED AS MOOT.

This dismissal of plaintiff's lawsuit as frivolous and for failure to state a claim constitutes the third of such dismissals known to this Court. *See Edwards v. George W. Bush*, C.A. No. A-00-CA-429 (W.D. Tex. 2000); *Edwards v. Nuchia*, No. 97-20033 (5th Cir. 1997). Plaintiff is advised that he now is barred under the "three strikes" provision of section 1915(g) and may no longer proceed *in forma pauperis* in civil lawsuits unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

The Clerk will provide a copy of this Order to all parties; to the TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711; to the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas, 77342-0629; and to the Clerk of the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Three-Strikes List Manager.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas on March 5, 2008.

_____
Gray H. Miller
United States District Judge